ARTHUR MERRIWEATHER v. THE STATE.

No. 4182.   Decided December 9, 1908.

**Burglary—Charge of Court—Explanation of Possession.**

Where upon trial for burglary, the State relied upon possession by defendant of the goods taken from the burglarized house, and defendant's explanation when arrested was that he had bought the same, etc., the court's failure to charge on explanation of possession was reversible error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a conviction for burglary. The evidence is sufficient to show that the house of Max L. Block

was entered and his property taken, though it is a case purely of circumstantial evidence. About a month after the alleged burglary, appellant was arrested by a policeman in the City of Houston, who stated that he arrested appellant on Fannin street in that city at which time he had on a check shirt; that Mr. Block had given the police department a description of the shirt and other articles which had been taken. That he held appellant under arrest until Mr. Block came and identified the property. When he was first arrested and the title to the property challenged, he told the policeman that he had bought these articles alleged to have been stolen from a man on Main Street at a store on said street. In reply to a query from the policeman, appellant stated that he did not know the name of the man who owned the store. He was further asked if he could find the place and he said he did not know that he could; that he did not know the name of the man at the store from whom he had bought these goods.

The court failed to charge on explanation of possession. Exception is reserved to the failure of the court to so charge. The trial court may not have believed the explanation of appellant. The jury may not have believed it, but the court is not the judge of the facts, nor the weight to be given the testimony. The jury may have believed it or they may not have believed it. If appellant bought the goods from a merchant on Main Street or there was a reasonable doubt of it, he was entitled to an acquittal. In fact he was entitled to an acquittal if he came into possession of these goods in any other way than as a burglar, or as the party who broke the house or was directly connected with it as a principal. The law of principals, however, is not suggested by the evidence. The State relied solely upon the possession by the appellant of the goods taken from the store found in his possession a month after the burglary.

Because the court failed to charge the law in regard to possession of this property and the explanation given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*