### ERNEST DANIELS V. THE STATE.

No. 10121.   Delivered Oct. 6, 1926.

**Forgery—Charge of Court—Defensive Issue—Not Submitted—Error.**

Where, on the trial for forgery, predicated upon alleged forgery by appellant of two names to an appearance bond, his defensive theory, supported by evidence, that he signed one of the names, that of his stepfather, with his authority, and that he did not sign the other name to said bond, it was error for the trial court to fail to submit this defensive issue to the jury, and to refuse appellant's requested charge presenting same. Following Garcia v. State, 273 S. W. 856, and cases therein cited.

· Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

. Appeal from a conviction for forgery, penalty two years in the penitentiary.

The opinion states the case.

*Marvin P. McCoy* of Dallas, for appellant. On the court's failure to submit the defensive theory, appellant cites:

Shanks v. State, 25 Tex. 326, 44 S. W. 1091 and 94 S. W. 233.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense charged is forgery, and the punishment assessed is two years in the penitentiary.

' The indictment charges that appellant forged the names of Manuel Maloney and Dock Edwards as sureties to a bail bond obligating appellant to appear in answer to a charge of violating the gaming law. Maloney is the stepfather of the appellant and the evidence is undisputed to the effect that he had permitted appellant to sign his name to obligations both by express permission and by acquiescence, but he denied having authorized appellant to sign his name to the bail bond in question.

Appellant testified in his own behalf and claimed that he did not sign the name of Edwards to the bail bond but after writing his stepfather's name on the bond, which act he believed he had authority to do, he sent the bond by a party named Collier to Dock Edwards with instructions to secure Edward's signature thereto and that Collier returned the bond to him with Edwards' signature thereon and that he had no intention of defrauding Edwards or Maloney and did not know but that Edwards' signature to the bail bond was genuine.

The state's testimony tends strongly to show that appellant's testimony is untrue. But this is a question that should have been left to the determination of the jury under proper instructions from the court. Appellant urged a proper exception to the court's charge for failing to present his defensive theory as above outlined and offered a special charge correctly presenting such defensive matter. The court refused to correct his charge or to give the special charge offered and nowhere in his general charge does he submit the above defensive theory in an affirmative and pertinent manner.

His action in refusing so to do is error which must work a reversal of the case. In this case the appellant was entitled to an affirmative charge presenting the defense urged. Garcia v. State, 273 S. W. 856, and many cases there cited.

For the reason above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.