CHAS. BAKER V. THE STATE.

No. 11510.   Delivered April 11, 1928.

1.— **Passing a Forged Instrument — Charge of Court — Defensive Issue — Must Be Submitted.**

Where appellant was on trial for passing a forged instrument and testified that the purported forged check was given him by a man named Wilson, whom he believed had the authority to sign the name of V. I. Pierce to said check, this issue should have been submitted in the court's charge.

2.—**Same—Continued.**

The accused is entitled to have an affirmative presentation in the charge of his defense. The fact that it is not supported by any other testimony than his own would not justify the assumption that his statement is untrue, or that the jury would not believe it. This seems to be the well settled rule in this state. See Medford v. State, 86 Tex. Crim. Rep. 237, and other cases cited.

Appeal from the District Court of Tom Green County. Tried below before the Hon. J. F. Sutton, Judge.

Appeal from a conviction for passing a forged instrument, penalty two years in the penitentiary.

The opinion states the case.

*Smith & Gayer* and *W. A. Johnson* of San Angelo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for passing a forged instrument, punishment two years in the penitentiary.

Appellant admitted passing the instrument described in the indictment. He claimed same was given to him by one Wilson,

a man whom he had known about fifteen years, and thought to be a straight, honest man. He testified that he met Wilson in the town of Best, in Reagan County, and Wilson said he was broke and asked appellant how much money he had and if he could cash a check for him, and appellant said upon his agreeing to do so Wilson wrote out a check and handed it to him and he gave Wilson the money. He further testified that he put the check in his pocket and came back to San Angelo and went to the garage where he passed the check, and then for the first time observed that the name of V. I. Pierce was signed to said check. He said that Wilson had told him at the time he gave him the check that he was working for Pierce, and that believing the check was good he endorsed it and passed it to Mr. Hair. The above represents the affirmative theory as made by the testimony of appellant. In this condition of the record the court was asked to give a special charge, in effect, that if the jury found that defendant believed at the time he cashed the check that Wilson had authority to sign said check and sign the name of Pierce thereto, or if they had a reasonable doubt thereof, they should find the defendant not guilty. This charge was refused. We find nothing in the charge given by the court presenting this defense made by the appellant's testimony. In our opinion the accused was entitled to have some such affirmative presentation of his defense. The fact that it was not supported by any other testimony than his own, would not justify the assumption that his statement was untrue or that the jury would not believe it, and that hence such theory need not be submitted. That the accused is entitled to a presentation of his affirmative defense, if he has one, seems the uniform holding of the authorities. Medford v. State, 86 Tex. Crim. Rep. 237; McCormick v. State, 86 Tex. Crim. Rep. 366; Thurogood v. State, 87 Tex. Crim. Rep. 209; Escobedo v. State, 88 Tex. Crim. Rep. 277; Horn v. State, 89 Tex. Crim. Rep. 220; Smith v. State, 89 Tex. Crim. Rep. 606.

A banker testified that in his judgment the signature of appellant in the endorsement upon the check, and the handwriting of the body of the check appeared to be different and seemed to have been written by different persons. The existence of such a person as Wilson was shown by other testimony than that of the defendant. While the jury may not have believed the truth of appellant's testimony supporting the defensive theory, this was a matter for them to pass upon, and not the court.

Believing the trial judge erred in refusing to give the charge requested, or one presenting the defensive issue, and that such error was of serious import, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*