JESSIE BROOKS V. THE STATE.

No. 18243. Delivered April 29, 1936.
Rehearing Denied June 17, 1936.

The opinion states the case.

*Robert D. Peterson* and *Sam B. Landrum,* both of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder with malice aforethought, and his punishment was assessed at confinement in the state penitentiary for a term of ninety-nine years.

The record shows that on the night of the 8th day of June, A. D. 1935, Erma Lee Wilkerson, a negro girl about nineteen years of age, was killed and her body left lying at the place where the homicide was committed. When her body was found the next morning, it showed that her skull was crushed and her head beaten into a pulp. Near her body lay an iron bar about four feet long and about two inches wide with blood and negro hair on it. A little distance further away lay a cedar post which had been broken into four pieces. Some little distance further away a part of an automobile spring was discovered. Three distinct human tracks were found in a field leading to the scene of the homicide. One was made by a woman and two of the tracks were made by men. One track was made by a large wide shoe which appeared to have been half-soled. Appellant wore a large wide shoe, which was half-soled, and when fitted into one of the tracks it fitted perfectly. The last time that the deceased was seen alive was about eleven p. m. on the night of the alleged homicide at the home of Turner Wall. She left there accompanied by appellant and Looney Morton. The next day before noon the appellant was arrested and taken to the scene of the homicide by the officers where he made certain statements to them. In the afternoon of said day he was again taken along the route, which the three parties had traveled from the home of Wall, to the scene of the homicide as indicated by the tracks on the ground. At this time he denied having made certain statements to the officers, whereupon the sheriff knocked him down and kicked him. Appellant admitted that he and Morton accompanied the deceased from Wall's home on said night; that on the way to her home they assaulted her; that he struck her with a piece of an automobile spring; that Morton struck her on the head with a cedar post which broke into four pieces; that Morton then went to a branch where discarded iron had been thrown, brought back a piece of iron about four feet long and struck her on the head until she died.

At his trial appellant repudiated his confession and contended that on the day before the written confession was made

he was struck, knocked down, and kicked by the sheriff who was endeavoring to obtain a confession from him; that to avoid further mistreatment by the officers he made a verbal confession to them; that the next day the sheriff took him to the district attorney's office for the purpose of having the confession reduced to writing; that after he had been carried to the district attorney's office, the sheriff left him, appellant, in the district attorney's charge and went into another office; that after the district attorney had reduced the statement to writing, but before it was signed the sheriff returned to the district attorney's office and remained there until the written confession was read over to him, appellant, and signed by him; that he was afraid not to make the confession and sign it because he feared that he would again be subjected to the same brutal treatment as he had been before. The sheriff admitted that he knocked appellant down and kicked him on the previous day while out near the scene of the homicide because appellant had denied having made certain statements to him and not because he wanted the appellant to confess his guilt.° All of the other officers connected with the investigation of the crime denied having mistreated the appellant in any way. When the State offered the confession in evidence, appellant objected to its introduction before the jury on the ground that it was not a voluntary confession. Whereupon the court, in the absence of the jury, heard testimony on the subject which, in substance, was as herein before stated. The court overruled the appellant's objection, admitted the confession, and by an instruction explained to the jury what constituted a voluntary confession and under what circumstances it would be involuntary and in connection therewith instructed them as follows: "I charge you further in this connection that if you find from the facts in this case that the alleged confession was reduced to writing and signed by the defendant on the day following the alleged threats, or violence, if any, in the presence of the officer or officers who made the threats or performed the violence, or both, does not make it a voluntary confession, and the same influences and the same force, if any, would not have to be repeated in order to make the confession an involuntary one. You are further instructed as a part of the law in this cause that unless you believe beyond a reasonable doubt that the confession as adduced in evidence by the State was freely and voluntarily given, you will not consider said confession for any purpose, then you are instructed that the State relied upon circumstantial evidence for a conviction."

Appellant earnestly insists that the trial court erred in not holding as a matter of law that the confession was involuntarily made and cites us to the case of Williams v. State, 88 Texas Crim. Rep., 87, 225 S. W., 177; Thompson v. State, 63 S. W. (2d) 849. It is true that in the case of Williams v. State, supra, this court said that whenever the evidence showed without conflict that the confession was obtained from the defendant by coercion or extortion on the part of the officers in charge of the prisoner, the court should exclude it. We concede this to be a correct pronouncement of the law, but in this case we have facts and circumstances which raise the issue of whether or not the confession was voluntarily or involuntarily made. Under such circumstances it was proper for the court to submit the issue to the jury with the instruction that if they believed from the evidence that the confession made by the appellant, if made, was not voluntary, but was coerced or extorted from him by the officers or if they had a reasonable doubt thereof, then they could not consider it for any purpose. The trial court in this case did so. We think that the opinion as here expressed is in harmony with the holding of this court in the case of Blocker v. State, 61 Texas Crim. Rep., 413, and Thompson v. State, supra, and the cases there cited. If, however, as a result of appellant's statements to the officers, they found the instruments with which the deadly blows were struck and the different places where the assaults were made upon her and such proved to be true, then the confession was admissible as evidence notwithstanding that it may have been extorted from him. See Jones v. State, 50 Texas Crim. Rep., 329; Collins v. State, 20 Tex. App., 399 (419). The facts relating to this matter are not fully developed, but from the whole record it appears that such was the case.

We regret to note that there are men yet holding office, who take advantage of helpless prisoners or mistreat them. An official badge does not carry with it a license to violate the law with impunity. Violence towards a prisoner by an officer is a violation of the law except under circumstances permitted or justified.

The objections to the court's charge as disclosed by the bills of exception numbers twelve to sixteen, both inclusive, are without merit and are overruled.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We are inclined to agree with appellant that we should not have said in our judgment of affirmance that the whole record before us shows that the instruments with which the deadly blows were inflicted, were found as a result of the confession of appellant, and such statement is withdrawn; but we can not accede to the proposition that there appears in said confession anything to cause doubt as to the identity of the woman therein referred to as the one killed at the time and place alleged in the indictment. Though the woman's name in the confession made on Tuesday following the killing on Saturday night, is stated as Erma Wilson, when in fact her name as alleged in the indictment and testified to by the witnesses was Erma Wilkerson, still the testimony clearly and unquestionably shows that the same woman was referred to and meant in said confession. As we read the record, no claim was advanced upon the trial by special charge asked or exception to the charge given, calling into question the identity of the woman killed with the one referred to in appellant's confession.

Appellant again insists that we erred in not reversing this case because the confession was improperly obtained. Whether it was so obtained was a controverted question, and the issue was in such condition of conflict and doubt as that it properly became a question of fact, and hence one for the decision of the jury under appropriate instructions. The trial judge submitted said issue as favorably to the accused as would seem at all reasonable or applicable, and we do not understand appellant to complain of the manner or form of such submission, but of the fact that the issue was left to the jury. We can not agree with appellant.

It is always to be regretted that one in authority, or in official position, should knock down and kick a prisoner in his custody, no matter what the provocation for such assault, but whatever assault was thus committed occurred at a time anterior to the confession, and disconnected therewith, and seemingly in no way related to the confession, or an effort to obtain or force same; and it appears from the record that the confession when taken was in the absence of the abusing party, and under circumstances indicating care, and the lack of excitement, pressure, threats or fear, and the jury were in-

structed fully as to their duty to pay no attention to such confession if there were any doubts as to whether same was freely and voluntarily made, hence we can not agree with appellant that a confession so made should be held by us as a matter of law inadmissible. The facts in this case show that on the day before the confession was made the sheriff of the county, in company with other men, was with appellant viewing the scene of the homicide. The sheriff knocked the appellant down and kicked him. The sheriff testified that he did this because he understood appellant to call him a liar. Nothing was said to appellant by the sheriff at that time or thereafter threatening him that anything would be done to him if he did not make a confession. The appellant was brought to the office of the district attorney the next day, and there alone with the district attorney he made a lengthy and detailed confession almost unparalleled in its frank brutality and horrible setting forth of a fearful assault and murder upon a defenseless woman. The district attorney testified that no one was present, and that no one made any sort of threat or effort to compel or force appellant to make the disclosures then made by him. About the time the confession was finished an officer came, and two witnesses were summoned from some nearby office who witnessed appellant's signature to the confession. We are unable to say now, and think we were right in our former opinion in holding that the admissibility of this confession became a question for the jury.

Being unable to agree with appellant's contention, the motion for rehearing is overruled.

*Overruled.*