## CHARLES KIBBE V. THE STATE.

No. 19328.    Delivered January 19, 1938.

The opinion states the case.

*D. F. Sanders* and *J. A. Veillon,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of burglary and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant has assigned a number of errors, but the only one which we deem necessary to discuss relates to the court's action in declining to instruct the jury on the law applicable to his defensive theory.

The testimony offered by the State shows that on the night of January 6, 1937, someone broke into the public school house in the City of Beaumont and took therefrom, four typewriters. Appellant was seen in Beaumont late in the afternoon of said day and made some inquiry from a schoolboy as to whether or not they had any typewriters in the school building and where they were located. The boy gave him the desired information.

On the 8th day of January, two days later, appellant sold two of the typewriters in Victoria, Texas, to one R. K. Terpin. At the time that Terpin purchased the typewriters, he asked the

appellant where he had acquired the machines. Appellant answered that he had bought them in Houston. On the same day, appellant sold the other two typewriters in Beeville, Texas, to Ervin McWhorter, editor of a local newspaper. McWhorter testified that he also asked the appellant where he had acquired the machines, and that appellant replied: "From Lewis Brokerage Company—or something like that." The State then produced Joe Berman, who testified that he knew Joe Lewis who was in the jewelry business in the City of Houston; that the Ben Lewis Jewelry Company did not handle any typewriters and had not sold any to the appellant. The appellant did not testify. The court, in his charge, failed to instruct the jury relative to appellant's explanation of recently stolen property, to which appellant objected within the time, and in the manner, required by law.

It is incumbent on the trial court to charge the jury fully and affirmatively on the law applicable to every issue raised by the evidence, whether such evidence be produced by the State or the defense and whether it be strong or feeble, unimpeached or contradicted. See Merriwether v. State, 115 S. W., 44; Williams v. State, 38 S. W., 989; Davis v. State, 10 Tex. Crim. Rep., 31.

The court, no doubt, was of the opinion that the State had shown the falsity of appellant's statement regarding his purchase of the machines, and for this reason declined to submit the issue. But the court was not the judge of the facts proved or the credibility of the witnesses. That was a matter which was within the exclusive province of the jury and said issue should have been left to their determination under an appropriate instruction.

All other matters complained of have been carefully considered by us and are deemed to be without merit. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.