ALBERT NICHOLS v. THE STATE.

No. 19498. Delivered March 23, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*T. H. Yarbrough, Donald & Donald,* and *Boyd Barjenbruch,* all of Bowie, and *H. R. Bishop,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for receiving and concealing a stolen automobile; punishment is assessed at confinement in the State Penitentiary for a term of two years.

The record shows that on the night of March 1, 1936, while B. B. Davis was attending church in Jacksboro, some one stole his two-door Plymouth sedan which was parked near by. About six or seven months later, he saw the car in Archer City. He identified it by a scratch on the end of the bumper, an imprint under the running board, a hole in the upholstery and by a broken bow in the top just above the driver's seat. The motor number of the stolen car was P. J. 239998, but he did not recall that the car he saw in Archer City (and which he claimed was the one stolen from him), had any number on the motor. Jack

Starr testified that he and Tony Jackson stole the car about March 1 from near the church in Jacksboro, took it to Bowie and sold it to appellant for $50.00. He stated that he told appellant that it was a stolen car. On September 29, appellant sold a two-door Plymouth sedan carrying motor number P. J. 124040 to Monaghan Oldsmobile Company of Wichita Falls, which the State contended was the stolen car.

Appellant did not testify, but proved by the assessor and collector of taxes of Montague County that on June 24, he registered a Plymouth coach, bearing engine number P. J. 124040, which had been purchased by him from Coffield Motor Company of Bowie. Mrs. Nichols testified that he also purchased a wrecked car from Coffield Motor Company which had been partially burned but that the motor was not damaged; that he purchased a Plymouth body in Dallas, which had been salvaged from other wrecked automobiles and that he purchased parts from A. A. Auto Parts Company of Dallas; that from these, he rebuilt and reconstructed the car which he sold to Monaghan.

The special officers who arrested appellant testified that his confession led to the discovery of the body of the allegedly stolen car in the possession of Monaghan and that of the motor under a haystack at his father-in-law's farm. The original serial number had been removed from this motor and the number P. J. 124040 stamped over it.

Appellant has brought forward a number of bills of exceptions. Some of these relate to the introduction of testimony and others to the refusal of the court to submit special requested charges to the jury. We deem it necessary to discuss but one bill which complains of the court's failure to instruct the jury on appellant's affirmative defense after appellant had requested a charge relative thereto.

We think that appellant was entitled to an instruction to the effect that if the jury believed that the automobile which he sold to Monaghan in Wichita Falls was a rebuilt and reconstructed car from parts of the wrecked car purchased from Coffield and from parts purchased by him in Dallas, then they should acquit him. It is our opinion that such an issue was raised. One accused of a crime is entitled to an affirmative instruction on every defensive issue raised by the evidence, whether such evidence be produced by the State or the defense and whether it be strong or feeble, unimpeached or contradicted. See Merriweather v. State, 115 S. W. 44; Williams v. State, 38 S. W. 989; Kibbe v. State, 112 S. W. (2d) 733.

The court, no doubt, was of the opinion that the State had shown the falsity of appellant's defense, and for this reason

declined to submit the issue. But the court was not the judge of the facts proved or the credibility of the witnesses. That was a matter which was within the exclusive province of the jury and one which should have been left to their determination under an appropriate instruction.

Due to the disposition we are making of the case, it is deemed unnecessary to discuss any of the other contentions raised by appellant.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—The State has filed a vigorous motion for a rehearing herein, and insists that we were in error in our original opinion in holding that the trial court erred in refusing to charge the jury relative to appellant's wife's testimony wherein she testified that the body of the automobile found in Monaghan's possession and positively identified by Davis as the body of his stolen car, was purchased from a parts dealer in Dallas,—the argument used being that if such body was not that of the stolen automobile, nevertheless the identification thereof was merely an evidentiary fact upon which the State's proof thereon might fail, and yet such failure to identify this body as that of the stolen automobile would not rise to the dignity of a defense to the instant charge because of the further fact that the engine out of the stolen car was found in appellant's possession, and no explanation of its presence made save that of appellant's confession to the effect that such engine was taken by him out of the stolen automobile and hidden under some hay.

This theory would possibly be tenable except for the peculiar condition in which we find this case. The party who lost the stolen car positively and convincingly identified the body of the car sold to and found in Mr. Monaghan's possession as the body of his stolen car. Now if appellant's wife had challenged such identification and denied that such was the injured person's car, we might take our position along with the State's reasoning and say this was merely a failure of the State to identify all

the portions of the stolen automobile, but on the contrary we find ourselves with a practical admission on the appellant's part that such was the body of the stolen automobile, and the wife's testimony to the effect that appellant did not receive this body from the confessed thief, but instead he purchased this body from a parts company in Dallas. It would therefore follow that, if the jury believed such testimony, appellant did not receive this body from the thief, as was charged in the indictment, and such a state of fact, if believed, would be a complete defense to the charge set forth in the indictment. We still think the requested charge should have been given, and the motion will, therefore, be overruled.