## NELSON (SPECK) MASSEY V. THE STATE.

No. 19545.   Delivered April 27, 1938.

The opinion states the case.

*Myres & Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is burglary; the punishment, confinement in the State Penitentiary for two years.

The record shows that on the night of December 4, 1936, some one entered the barn of W. T. Rockwell, and took therefrom about ten bushels of corn. Part of it was red, part yellow, and a small part was called "sure crop corn." No tracks were found by which the culprit could be identified. About three weeks later, the sheriff and Mr. Rockwell, with the permission of appellant and in his presence, made an examination of appellant's crib. The same kind and character of corn was found therein as was taken from Mr. Rockwell's barn. Rockwell further testified that this "sure crop corn" was planted late that year and matured late; that during the month of August, he decided to sell part of it as roasting ears. That in gathering the corn for this purpose, he cut the shucks of some of the ears and examined the grain to see if it was too hard or too soft for human consumption. Those that were, he left on the corn stalks. During his investigation of appellant's crib, he found one ear of "sure crop," the shucks of which appeared to have been cut across the ear in the manner which he had cut the corn in the preceding August.

Appellant testified in his own behalf, denied that he entered the barn of Rockwell and took therefrom any corn, and stated that the corn found in his barn at the time the sheriff and Mr. Rockwell made an examination thereof, was raised by him that year and was his own corn. There was testimony to the effect that corn of the kind and character in question was grown by many farmers in the community, including the appellant.

The trial court, in his charge to the jury, failed to submit this defense in an affirmative manner. Appellant objected in due time to the court's charge upon that ground. It is a well-recognized rule that it is incumbent on the trial court to instruct the jury fully and affirmatively upon every defensive issue raised by the evidence, whether such evidence be produced by the State or the defense and whether it be strong or feeble, unimpeached or contradicted. See Merriwether v. State, 115 S. W. 44; Davis v. State, 10 Texas Crim. Rep. 31; Williams v. State, 38 S. W. 989.

The failure of the trial judge to affirmatively present appellant's defense in his charge to the jury was error of such a nature as will require a reversal.

The State, in the instant case, relied entirely upon circumstantial evidence. We have some doubt as to its sufficiency to meet the requirements of the law.

For the error discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.