# JANUARY 6, 1943

C. V. BARNES V. THE STATE.

No. 22216. Delivered January 6, 1943.

The opinion states the case.

*John C. Henderson,* of Angleton, and *Robt. M. Lyles,* of Angleton (on appeal only), for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was given a penalty of ten years in the State prison for an assault to murder upon Dorothy Godley, hence this appeal.

The indictment contained four counts, the court submitting this cause upon the fourth count. Such count alleged, in substance, that appellant made an assault in and upon Dorothy Godley and shot at her, and that she died from shock and fright.

The deceased was a negro girl thirteen years old; her mother, and an old negro man, the girl Dorothy and a child were in an automobile, driving from Houston into Brazoria County, where Dorothy's father and brothers and sisters lived. That while passing the farm rented or managed by appellant these colored people came to a mudhole through which their car

could not pass. There being a parallel road in appellant's controlled pasture, they turned into such road and drove down it some distance, when they came to another mudhole and the driver stopped the car. Dorothy Godley was in the rear seat of this car with the child, and looked back and said "Yonder is that man," evidently referring to appellant, who soon arrived on the scene with a gun in his hand, later shown to have been a 22 rifle. The State's witnesses say that the mother got out and begged appellant not to shoot; that they were trying to get by to see her children; that appellant said: "You are a - - liar, you are trying to get pecans," and while this talk was going on Dorothy got out the back of the car; appellant fired a shot, the gun pointed at the deceased; Dorothy said "Oh," walked about seven or eight yards and fell on her face. Appellant said "Get her up and get out of here, or I will kill all you niggers;" that appellant lifted the girl up, felt her hand and said she is dead; "get on out of here and I don't never want to see you again." Beneath the girl's body was a quantity of blood, and near thereto there was afterwards found a 22 bullet, and a horse track an inch and a quarter or an inch and a half deep filled with blood.

Appellant testified that he was in charge of this farm; that he had been bothered with people taking his pecans from the bottom; that he saw these negroes and thought they were going after pecans; that he belonged to a rifle club, and had his gun intending to do some shooting; that he saw the mother get out of the car, and he asked her what she was doing there; she said she was going to see her children; he told her that he did not believe her; he thought she was after his pecans; that the safety was on the gun, which he had in his right hand; when the rear door of the car was opened and a girl or woman leaped out with her hands up directly towards him, it scared him; he thought she had a knife in her hand; he was nervous and excited, and the gun fired; he had no recollection of firing it; he did not intend to shoot at Dorothy Godley or at any other person.

Bill of exceptions No. 1 contains a complaint at the trial court's overruling appellant's objections to the indictment for many and varied reasons, with none of which are we in accord.

By means of a special requested instruction given at appellant's suggestion, the jury were directed, in substance, to

disregard all counts save the fourth in the indictment, which alleged a death of the girl from fright caused by an assault and shooting. The jury found appellant guilty of an assault with intent to murder with malice.

Bill of exceptions No. 2 relates to a hypothetical question propounded by the State to a witness, Dr. Brooks Stafford, embodying a resume of the testimony shown therein, and an effort to have such doctor give his opinion based on such facts as to what caused the death of such girl. This bill is defective in that nowhere therein is it shown that Dr. Stafford ever answered such question, nor is it shown what his expected answer would be. No damage is evidenced of any kind to the appellant, so we think, because no answer to such question was made before the jury.

Bill of exceptions No. 3 relates to the mother of deceased, while on the stand, being asked why she was going down the road upon which the girl met her death, and she answered that she was going to see her other children who lived in that county, and was taking them some clothes, etc. We do not think this was such an improper or prejudicial question and answer that any serious error is here presented.

Appellant complains because the trial court refused to give in charge to the jury the following special requested instruction:

"If you believe from the evidence, or have a reasonable doubt thereof, that at the time the defendant's gun was fired that he had no specific intent to kill the said Dorothy Godley, you will find the defendant 'Not guilty' and so state by your verdict."

It is shown that appellant testified and claimed that the firing of the gun was accidental, and that he had no conscious knowledge of having fired the same. He also said: "I did not intend at any time to shoot at Dorothy Godley, or at any other person."

The careful and learned trial judge gave a comprehensive charge on the law as applied to the facts in the case. In paragraph six thereof he charged the elements of the offense of a shooting "with the intent then and there to kill the said Dorothy Godley," and her death from fright, including therein the right however of self-defense.

Again in paragraph seven he gave practically the same charge, but applied the law to a lack of malice as might be evidenced by sudden passion arising from an adequate cause, etc., again inserting the clause that demanded of the proof that such must be shown to be "with the intent then and there to kill the said Dorothy Godley." Again in paragraph fourteen of such charge the court charged on an assault with intent to commit murder with malice; and again he says: "with the specific intent then and there to kill the said Dorothy Godley."

Again in paragraph fifteen of such charge the court charged on the law of an assault to murder without malice, and again the charge requires that before a conviction can be had the jury must find that appellant unlawfully "shot at the said Dorothy Godley with the specific intent to kill' the said Dorothy Godley."

Again the court charged on the law of self-defense (and prefaces such charge with the necessity of the jury's belief that appellant shot at the said Dorothy Godley "with the specific intent then and there to kill the said Dorothy Godley."

We find that in six separate and distinct places the trial court told the jury that before a conviction could be had herein it was necessary that the jury should find that appellant had the specific intent to kill the negro girl. We think it was necessary for such court to further state in a separate and distinct paragraph the necessity of intent to kill. However, the requested charge did not embody a correct principal of law in that it told the jury that if they failed to find that appellant shot at Dorothy Godley with an intent to kill her, they should acquit him. There were other lesser assaults charged in the indictment, and an absence of an intent to kill would not necessarily have resulted in a verdict of not guilty, but the jury could have considered such lesser offenses, and an acquittal might not have resulted.

Further appellant contends that if his acts were the cause of the girl's death, then that the firing of the gun was accidental, and the trial court gave in charge to the jury in paragraph twenty-one thereof the following:

"If you believe from the evidence that at the time and place alleged in· the indictment that the rifle was accidentally dis-

charged and the discharge of said gun was not the voluntary act of the defendant, or, if you have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict 'not guilty'."

Appellant's testimony nowhere shows that he shot at the deceased; he says that the shooting was accidental, and if he struck the deceased such striking was accidental; he had no knowledge nor memory of shooting at all; his whole defense being that he was exicted and nervous; that when the girl jumped out of the car with both hand in the air screaming, he did not know whether she had a knife or not; he was scared and feared he was being attacked; he remembers hearing the gun fire, but such firing was an accident, and that he had no intent to kill Dorothy Godley or anyone else.

It is a well recognized principal of law that the trial court should submit to the jury all defensive matters raised by the evidence in a direct and affirmative manner, and a failure to so do when properly objected to results in a reversal of such cause by the appellate court. See Davis v. State, 141 S. W. 93; Latta v. State, 64 S. W. (2d) 968; Scott v. State, 131 S. W. 1072; Carr v. State, 87 S. W. 346; Massey v. State, 115 S. W. (2d) 970; Newcomb v. State, 95 S. W. (2d) 456; Nichols v. State, 117 S. W. (2d) 433; Mitchell v. State, 117 S. W. (2d) 443; Brickell v. State, 134 S. W. (2d) 262; Stubblefield v. State, 135 S. W. (2d) 102; Smart v. State, 146 S. W. (2d) 397; Lee v. State, 97 S. W. (2d) 697; Cammack v. State, 278 S. W. 1105; Daniels v. State, 287 S. W. 53; Baker v. State, 5 S. W. (2d) 149; Eubank v. State, 28 S. W. (2d) 808; Kibbe v. State, 112 S. W. (2d) 733.

Appellant filed a proper objection to the court's charge because "the same wholly fails to charge the jury upon the affirmative defenses of the defendant as developed by the evidence in this case." As heretofore intimated, we do not think appellant's requested charge as to intent should have been given as prepared by him; nevertheless, taken together with his objection above quoted, it was sufficient to call the same to the trial court's attention, and he should have responded thereto by charging on such defense which was raised by the evidence. For such failure, this judgment is reversed and the cause remanded.