CHARLES E. HOLT v. THE STATE.

No. 23818. Delivered December 17, 1947.
Appellant's Motion for Rehearing Granted February 25, 1948.

*Winfree & Winfree*, of Houston, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a term of five years.

The only question presented for review is whether or not his confession was admissible in evidence under the facts as disclosed by the record. The record reflects that on or about the 17th day of June, 1945, some person or persons at nighttime, by force, entered a store belonging to Richard Collier located at Silsbee in Hardin County, and took two shotguns, a rifle, a radio, three pistols, some shirts, and other dry goods. Some time later appellant was arrested by officers at Port Arthur, confined in jail for alleged offenses committed in Jefferson County; and while he was so confined at Port Arthur, he was unmercifully whipped and beaten until he confessed that he committed the alleged offenses; that soon thereafter the sheriff of Hardin County went to Port Arthur where appellant was in jail and took him to Kountze, in Hardin County; that after they arrived at Kountze, appellant informed the sheriff that he desired to make a confession; that after the sheriff had given him the statutory warning, he made a confession in which he informed the sheriff where some of the property taken from the burglarized store was located; that he then accompanied the sheriff to the designated place where the property was found and identified by Mr. Collier as that taken from his store on the night in question.

When this confession was offered in evidence, he objected thereto on the ground that it was obtained by force and threats of physical violence. The court, in the absence of the jury, heard evidence relative thereto which showed that he had been subjected to physical violence at the hands of the officers at Port Arthur, but not by the Sheriff of Hardin County. He testified, however, that the officers at Port Arthur told him that if he did not confess to the offense in Hardin County that the Sheriff would bring him back and they would repeat the whipping, and laboring under fear of being subjected to further physical violence, he made the confession in question. The court overruled the objection, admitted the confession, and then submitted the issue of whether or not his confession was obtained by force and threats of physical violence or was voluntarily made. We think that this was all appellant was entitled to. His verbal statement to the sheriff which led to the recovery of the stolen property, to which no objection was made, was sufficient to justify his conviction. Appellant cites us to the case of Thompson v. State, 63 S. W. (2d) 849 as sustaining his contention.

It is true the the facts in the instant case relative to the circumstances under which the confession was obtained are similar to the facts in the case of Thompson v. State, supra. That case was reversed because the court declined to submit the issue of whether or not it was obtained under duress, force, etc. In the instant case, the court did submit the issue to the jury, and the jury decided the same adversely to him.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The judgment of affirmance was predicated upon the conclusion that the confession of appellant to the sheriff of Hardin County became admissible because some of the property stolen in the burglary was discovered as a result thereof.

In his motion for rehearing, appellant insists that we erred in reaching that conclusion.

In Newman v. State, 148 Tex. Cr. R. 645, 187 S. W. (2d) 559, it is made clear that the admission in evidence of the con-

fession of one accused of and upon trial for a violation of the laws of this State is controlled by the laws of this State and by the due process clause of the Fourteenth Amendment to the Federal Constitution, as construed by the Supreme Court of the United States in such cases.

It has long been the established rule in this State that when a prior confession of an accused is obtained as a result of improper influences, subsequent confessions will be received only when it is made to appear that the improper influences exercised in obtaining the first confession did not enter into or influence the making of the subsequent confession. Williams v. State, 88 Tex. Cr. R. 87, 225 S. W. 177-179; Hernandez v. State, 110 Tex. Cr. R. 159, 8 S. W. (2d) 947; Thompson v. State, 124 Tex. Cr. R. 440, 63 S. W. (2d) 849; Cavazos v. State, 143 Tex. Cr. R. 564, 160 S. W. (2d) 260; Loya v. State, 146 Tex. Cr. R. 197, 172 S. W. (2d) 508.

Where issues of fact arise touching the exercise of improper influences in the making of a confession or a confession subsequent thereto and influenced thereby, it has long been the rule in this State that such issues of fact should be submitted to the jury for determination, along with the trial of the case.

In determining whether due process has been denied one accused of crime in a State court by the use of a confession, the Supreme Court of the United States will, itself, make an independent examination of the facts, and from the undisputed facts, that court will reach a conclusion. Chambers v. Florida, 309 U. S. 227, 60 S. Ct. 472, 84 L. Ed. 716; Brown v. Mississippi, 297 U. S. 278, 56 S. Ct. 461, 80 L. Ed. 682; White v. Texas, 310 U. S. 530, 60 S. Ct. 1032; 84 L. Ed. 1342; Lomax v. Texas, 142 Tex. Cr. R. 231, 144 S. W. (2d) 555; Id. 313 U. S. 544, 61 S. Ct. 956, 85 L. Ed. 1511; Ward v. Texas, 316 U. S. 547, 62 S. Ct. 1139, 86 L. Ed. 1663; Lisenba v. California, 314 U. S. 219, 62 S. Ct. 280, 86 L. Ed. 166; Hysler v. Florida, 316 U. S. 411, 316 U. S. 642, 62 S. Ct. 688, 86 L. Ed. 932; Ashcraft v. Tennessee, 322 U. S. 143, 64 S. Ct. 921, 88 L. Ed. 1192; Malinski v. New York, 324 U. S. 401, 65 S. Ct. 781, 89 L .Ed. 1029; Lyons v. Oklahoma, 322 U. S. 596, 64 S. Ct. 1208, 88 L. Ed. 1481; Haley v. Ohio, 68 S. Ct. 302; Lee v. Mississippi, L. Ed. Advance Opinions, Vol. 92-No.7, p. 315. (68 S. Ct. 300.)

The admissibility of the confession in the instant case must be tested in the light of the State and Federal rules stated.

Here, the trial court instructed the jury to the effect that if appellant made the confession through fear of personal violence by the officers of Jefferson County, the confession was not to be considered for any purpose. By such charge the trial court endeavored to make application of our State rule. The question arises, however, in this connection, whether the facts authorized such a charge in the first instance.

Appellant testified that he had been whipped and beaten with a hose by the sheriff and police of Jefferson County while confined in the jail at Port Arthur. A witness attested the bruised and scarred condition of his (appellant's) body. Appellant's testimony as to the beating and whipping was not denied by any person—and this, even though appellant specifically designated the sheriff as having been one of the participants.

In the light of this record, then, it can hardly be said that appellant was not beaten and whipped by the Jefferson County officers whom he designated. That he was so mistreated must be here construed as an established fact.

It is true that the sheriff of Hardin County, to whom the confession here under consideration was made, testified that appellant volunteered to make that confession and that same was freely and voluntarily made, yet the appellant testified, "* * * they (meaning the Jefferson County officers) told me they were going to bring me over here, and if I did not sign a confession they would take me over there and finish me; they turned me over to the Sheriff here; and they said if I did not sign a confession they would carry me back and give me some more, and I would have signed anything." In addition, appellant testified that he was told by the police what to say in the confession when he was brought to Hardin County and that if he did not sign it they would carry him back to Port Arthur.

Although appellant designated the sheriff as one of the parties and also referred to the police as being the others, none of these nor any other person denied the testimony of the appellant. His testimony as to such facts stands undenied.

From these undisputed facts, then, it is made to appear that appellant was whipped and beaten by the sheriff and police at Port Arthur and told, in effect, to make the confession here under consideration and what to put in that confession. Appellant, upon the trial of the case, denied the truthfulness of the matters stated in that confession.

In the light of such facts, we cannot reach the conclusion that an issue of fact was raised for the jury's determination as to whether the mistreatment accorded appellant at Port Arthur entered into the making of the confession to the sheriff of Hardin County. There is no escape from the conclusion, then, that the confession here used against appellant was not admissible, under our own decisions (Abston v. State, 102 S. W. (2d) 428; 123 S. W. (2d) 902; and 141 S. W. (2d) 337), as also the holding of the Supreme Court of the United States in the cases mentioned.

The sheriff of Hardin County testified that prior to the making of the written confession, appellant made an oral statement to him, as a result of which some of the property stolen in the burglary was recovered.

It is insisted that such fact rendered admissible the written confession under that provision of Art. 727, C. C. P., which reads:

"* * * or, unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

That provision of said article has no application when a confession is obtained as a result of the infliction of physical or mental pain. Colley v. State, 143 Tex. Cr. R. 390, 158 S. W. (2d) 1014.

In the instant case, the inadmissibility of the confession arises by reason of the physical mistreatment by the Jefferson County officers. Such mistreatment stands undenied in the record and therefore brings this case within the rule just stated.

Believing that we were in error in holding admissible appellant's confession, the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

Opinion approved by the Court.