Benito S. FLORES, Appellant,

v.

STATE of Texas, Appellee.

No. 33656.

Court of Criminal Appeals of Texas.

Nov. 22, 1961.

Floyd D. James, San Antonio, for appellant.

Charles J. Lieck, Jr., Dist. Atty., Jack Paul Leon and Harry A. Nass, Jr., Asst. Dist. Attys., San Antonio, and Leon B. Douglas, Austin, for the State.

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced by reason of a previous conviction for burglary, 12 years.

The conduct of appellant's counsel, which the trial judge has referred to as inattention and negligence, has made the disposition of this appeal more difficult.

The case was briefed and argued by counsel for the appellant as though there was no statement of facts. The State, on the other hand, has filed a brief but has not mentioned the only matter which we have found difficult to decide.

The statement of facts, in narrative form, was approved by the trial judge more than 90 days after notice of appeal was given. Under Sec. 4 of Art. 759a, Vernon's Ann.C.C.P., as amended in 1959, this is sufficient proof that the time for filing was properly extended, and appellant is entitled to have the statement of facts considered.

The evidence from the state's viewpoint shows that a small grocery store was

burglarized at night; that three young men were spotted by a police patrol car. They ran, scattering some groceries and canned goods. Other similar merchandise was found wrapped in a jacket under an automobile.

Among the groceries and canned goods found was a can bearing a fingerprint which was identified, by comparision with his known fingerprints, as that of the appellant who was apprehended nearby. He directed the officers to the grocery store, the burglary of which had not been discovered. The owner identified some of the groceries and canned goods by his mark thereon.

 Appellant was taken to police headquarters where he signed a statement in which he confessed to having burglarized the grocery store.

Sergeant Bernal, to whom the statement was made, testified to the warning given by him. His testimony shows a compliance with Art. 727, V.A.C.C.P. He testified that the statement was voluntarily made after the said warning.

When the confession was offered appellant's counsel objected on the ground it had been secured by an unlawful arrest "as well as illegally beaten out of said defendant by said police officers." He declined to introduce evidence to support his objection, and the court admitted the confession in evidence. We see no error.

No effort was made to interrogate Sgt. Bernal regarding whether appellant was beaten by him or in his presence.

Appellant thereafter testified in his own behalf. According to his testimony Sgt. Bernal hit him in the stomach, at the place where the groceries were found, while he was handcuffed, causing him to "blackout"; that he started hitting him again when he told Sgt. Bernal he was not guilty; that Sgt. Bernal made him say he had robbed the store, and that at Police Headquarters where he signed the statement, Sgt. Bernal beat him with his fists in the chest or the stomach and said he had to sign it. Sgt. Bernal was not recalled and no other witness denied appellant's claim that he was beaten at police headquarters.

 Under many holdings of this Court and the Supreme Court of the United States, appellant's testimony, if true, would render his confession inadmissible.

In Holt v. State, 151 Tex.Cr.R. 399, 208 S.W.2d 643, 645, Holt's testimony that he was beaten and whipped was not denied by the sheriff he testified participated. This Court said "that he was so mistreated must be here construed as an established fact," and held that the confession was not admissible and no issue was raised for the jury's determination.

We find it unnecessary to here decide whether appellant's testimony was such as to require the court to withdraw the confession rather than submit to the jury the issue of its being voluntarily made.

The record does not show that appellant or his counsel sought to have the confession withdrawn after appellant testified, and the record shows no objection, and no requested charge complaining of the manner or form of the charge wherein the voluntary character of the confession was submitted to the jury.

If, as appellant testified, the confession used against him to secure his conviction was obtained as a result of physical mistreatment by Sgt. Bernal, his conviction should be set aside. We are bound, however, to pass upon the appeal from the record before us.

The judgment is affirmed.