## W. L. LEWIS v. THE STATE.

No. 15744.    Delivered March 29, 1933.
Reported in 58 S. W. (2d) 827.

The opinion states the case.

*Johns, McCampbell & Snyder,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

The trial was had in Willacy county on a change of venue from Nueces county.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Paul Setliff by shooting him with a gun.

The proof showed that appellant shot and killed deceased. Earl Lewis, son of appellant, and a participant in the difficulty, resulting in the death of deceased, himself received fatal gunshot wounds; the evidence being in conflict as to who shot him. Appellant's theory was that he acted in defense of himself and son when he shot deceased. This theory was given support in the evidence, and was submitted in the charge of the court.

The judgment must be reversed because of misconduct of the jury. From the testimony heard on the motion for new trial, the following, in substance, is shown: After the impanelment of the jury, and before the rendition of a verdict, the jury was taken to a barber shop by two officers of the court. While there many of the jurors engaged in conversation with the barbers shaving them. The nature of the various conversations was not disclosed, except that it was shown by certain jurors that some of the barbers talked about a ball game. The jurors not engaging in conversation with the barbers were unable to understand all that was said. The attending officers did not understand all of the conversations that were carried on between the jurors and the barbers. Eleven jurors testified. One juror was not available as a witness. Neither the jurors nor the officers heard any reference to the case. The barbers were not called as witnesses, only the jurors and attending officers being heard on the question of misconduct. Some members of the jury talked with their wives over the telephone at various times. The nature of their conversations was not disclosed. Their wives were not called as witnesses on the hearing of the motion for a new trial.

It is declared in article 671, C. C. P., that no person shall be permitted to be with the jury while they are deliberating upon a case, nor be permitted to converse with a juror after he has been impaneled, except in the presence and by the permission of the court, or except in a case of misdemeanor, where the jury have been permitted by the court to separate. Further, it is provided that no person shall be permitted to converse with a juror about the case on trial. Provision is made in article 672, C. C. P., for punishment by contempt of court of those violating the provisions of article 671, supra. Under the terms of article 673, C. C. P., it is made the duty of the

officer in charge of the jury to keep them together and prevent intercourse with any other person. That there was a violation of these statutory provisions is obvious. Under the circumstances, the presumption of injury obtained. Chappell v. State, 50 S. W. (2d) 327. The burden of overcoming the presumption of injury was on the state. We quote the language of Judge Lattimore in the case of Mauney v. State, 85 Texas Crim. Rep., 184, 210 S. W., 959, as follows: "Not only should the appearance of evil be avoided by strict observance of this statutory rule forbidding communications with the jury when the court is not present, but the further fact is true that human nature is frail and prone to excuse itself; and it is easily possible to conceive a case where the party conversing with a juror, as well as the juror himself, fearful of punishment for contempt, might not remember all that passed at such conversations, and might deny mention of the case between them by virtue of a convenient memory. We think the rule in cases of a violation of the provisions of article 748 ought to be that injury in such case is presumed unless the contrary is made to appear to the satisfaction of the court; the trial court primarily, and ultimately this court. Any presumption can be overcome by evidence, and in such case of presumptive injury the burden ought to be on the state to satisfy the court that no injury has resulted from such violation of the statute."

In Chappell v. State, supra, a situation similar to that under consideration worked a reversal of the judgment. In that case it was shown that the jurors were taken to a barber shop and conversed with the barbers shaving them. The attending officer could not hear all that was said. The barbers were not called as witnesses. In the course of the opinion in Chappell's case, Presiding Judge Morrow used language as follows: "It is thought that the verdict in the present instance can not be sustained without overthrowing the safeguards recognized as essential to give assurance that the verdict of the jury reflects the judgment of the jurors unaffected by influences of an improper character." Further, the opinion reads: "In instances like the present, where jurors are put in a position that they must mingle with the public, it is difficult to overcome the presumption of injury, but, when raised on motion for a new trial, there should be no failure to use available testimony to negative injury." See Toussaint v. State, 244 S. W., 514.

Under the circumstances, the failure of the state to call the persons with whom the jurors had conversed leaves the record in such condition that we are unable to reach the conclusion that the presumption of injury was overcome.

After the difficulty in which deceased lost his life and appellant's son was shot, appellant carried his son to a hospital. After reaching the hospital, appellant asked one of the attending nurses to call the sheriff. His request was complied with. Prior to the arrival of the sheriff, and under circumstances showing the statement not to have been res gestae, appellant stated, in answer to a question, that he thought he had shot his son. It appears to have been appellant's position that he was under arrest because of the fact that he had had the sheriff called for the purpose of surrendering. We deem appellant's position untenable.

Appellant followed his son into the operating room. In the presence of one of the nurses, he asked his son not to feel "hard toward him for shooting him," saying that he did not intend to shoot him. When this statement was offered, appellant requested the court to permit him to introduce proof in the absence of the jury that he was under arrest at the time he made the statement. The trial judge retired the jury and permitted appellant to interrogate the nurse testifying to the statement. However, he would not permit appellant to call other witnesses in an effort to show that the sheriff had arrived and that he was actually under arrest at the time the statement was made. The recitals in the bill of exception indicate that the sheriff had arrived and arrested appellant prior to the time the statement was made in the operating room. On the motion for new trial, the court heard testimony which indicated that the statement was made prior to the arrival of the sheriff. This testimony was used by the court to qualify appellant's bill of exception. We do not understand this to have been the proper practice. Appellant's request should have been complied with at the time the matter arose during the trial. The court should have retired the jury and heard the testimony pro and con upon the issue as to whether appellant was under arrest, and determined whether the proffered evidence was admissible. Bingham v. State, 262 S. W., 747. Certainly, if appellant was under arrest, the statement was inadmissible. In the condition in which we find the record, we are unable to properly determine whether the trial judge was warranted in concluding that appellant was not under arrest.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.