## FRANASCO CAVAZOS V. THE STATE.

No. 21998. Delivered March 25, 1942.

The opinion states the case.

*Smith & Nielsen,* of Raymondville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of murder and his punishment was assessed as confinement in the State penitentiary for a term of thirty-five years.

The record shows that on or about the 21st day of July, 1940, a decomposed body of a Mexican was found lying in some high weeds near a road and about two miles west of the town of Sebastian. An examination of the body revealed a cracked and crushed skull, indicating that his death was due to violence at the hands of some person or persons. The body was identified as that of Anselma Reyna. Some months later a suit was filed in the District Court by Octaviano Narvaez against the American National Life Insurance Company upon a policy issued to the deceased in which the plaintiff (Narvaez) was named as beneficiary. This suit was settled and the cause was dismissed. Thereafter, Manuel Montalvo, Octaviano Narvaez and the appellant (Franasco Cavazos) were arrested and charged with the murder of the deceased.

Upon the trial of appellant, Manuel Montalvo took the witness stand and testified for the State that a night, on or about the 13th day of July, 1940, he went to the home of Octaviano Narvaez; that he found the appellant there; that they discussed the killing of Anselma Reyna; that they wanted him (Montalvo) to do the killing but he refused; that appellant asked him if he would strike a match and hold it while he (appellant) did the killing; that the three went to the home of Reyna, who was in bed asleep; that he (Montalvo) struck a match and held it while appellant struck Reyna with a 2 x 4 piece of timber; that they then placed the body in the turtleback of a coupe and carried it out to where it was later found.

The State introduced in evidence a purported confession by appellant, which he repudiated upon the trial and said that he was forced to make it by the officers who had him in charge.

We find in the record four bills of exception, the first of which relates to the court's action in declining to retire the jury from the court room and hear evidence in their absence as to whether or not the purported confession was voluntarily made.

The second bill relates to the court's action in declining to instruct the jury that the purported confession was inadmissible in evidence as a matter of law.

The third bill relates to the admission in evidence of the purported confession.

The fourth bill of exception relates to the court's charge in failing to instruct the jury that if they believed from the evidence that appellant made a confession prior to the one introduced in evidence and that the first confession was obtained from appellant as a result of physical and mental torture and that at the time he made the second confession the appellant was still laboring under the same fear of mistreatment at the hands of the officers as he was when the first one was obtained, then they could not consider the same for any purpose.

That two confessions were obtained from the defendant is not disputed. The uncontradicted testimony shows that before he made the first confession, he was carried from one jail to another by the officers; that he was made to stand for hours on tin cans with his feet bare and with his arms extended above his head; that he was slapped and kicked; that he was given electrical shocks with an iron rod charged with electricity; that he was given what is termed "water cure" until he was willing to confess and did confess to the commission of the offense in order to escape such further treatment. It appears from the record that no one mistreated appellant at the time he made the second confession, but just before making same he saw at the court house at Raymondville one of the rangers who had either administered or was present when the claimed punishment was administered to him; that he realized that if he did not confess his guilt as he did in the first instance, he would again be subjected to similar treatment.

The admissibility of evidence, as a rule, is to be decided by the court. However, when a confession is offered in evidence and an objection is made thereto on the ground that it was not voluntarily made, the court should hear all the evidence relative thereto in the absence of the jury, and if it be shown that the confession was not voluntary, he should exclude it and not permit it to prejudice the appellant's legal rights. But, if the evidence relative thereto raises an issue of fact, then the court should permit the evidence to be developed before the jury and the issue of its voluntariness should be submitted to the jury under an appropriate instruction from the court. This seems to be the rule announced by this court in the case of Bingham v. State, 97 Tex. Cr. R. 594. It is our opinion that under the evidence in this case, the purported confession should not have been admitted in evidence. The uncontradicted evidence shows that appellant made a confession in Kingsville

as a result of the physical and mental punishment inflicted upon him; that after he had made this confession he was carried to Raymondville, where he made a second confession, which was offered in evidence upon his trial. It is true that appellant admitted that he was not mistreated at the time he made the second confession, but he also testified that he saw one of the officers at the court house who had administered or assisted in administering to him severe punishment and was told that if he did not make a second confession he would be taken back to Kingsville; that he was still smarting under the punishment administered to him at Kingsville and was laboring under fear that if he declined to make a confession similar to the one he had theretofore made that a like punishment would be administered to him. The manner and means by which the officers obtained the first confession rendered it inadmissible in evidence against the accused, and the burden rested upon the State to show that the subsequent confession was not made while the accused was laboring under the same influence which prompted him to make the first one. In this the State has failed. In support of what we have said, we refer to the following authorities: Abston v. State, 136 Tex. Cr. R. 152; Thompson v. State, 124 Tex. Cr. R. 440; Williams v. State, 225 S. W. 177; Walker v. State, 7 Tex. Cr. R. 263. The court evidently overlooked the fact that the uncontradicted testimony shows that the first confession was obtained by force and physical and mental torture; and the undisputed evidence also shows that at the time the second confession was made, appellant was still suffering from the physical punishment administered to him at Kingsville and was laboring under fear that he would receive similar treatment unless he made his second confession in conformity with the first one. This being true, the confession was not admissible in evidence and the court erred in declining to exclude the same.

From what we have said it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.