ANTONIO FLORES, *alias* ANTONIO AGUIRRE, *alias* ANGEL MARTINEZ V. THE STATE.

No. 22310. Delivered December 9, 1942.

The opinion states the case.

*W. Joe Bryan,* of El Paso, for appellant.

*Roy D. Jackson,* Dist. Atty., and *Gill L. Newsom,* Asst. Dist. Atty., both of El Paso, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The primary offense alleged was that of robbery by assault, in connection with which it was also alleged that appellant had, prior to the commission of the robbery, been convicted of the offense of burglary with intent to commit the crime of theft. Under such allegations, the provisions of Art. 62, P. C., were invoked by the State, and appellant, upon being found guilty as charged, was, under the provisions of said Article 62, P. C., and Article 1408, P. C., assessed a life term in the State penitentiary.

The sole question presented for our review is whether robbery and burglary with intent to commit theft are offenses of the same nature within the meaning of Art. 62, P. C., which reads as follows:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

We are aware of this court's early holding in the case of Muckenfuss v. State, 55 Tex. Cr. R. 216, 117 S. W. 853, in which it was held that any different violation of what is commonly called the "Sunday Law" would be one of a similar nature, as set forth in Art. 62, P. C. We are also aware of the holding in the case of Warner v. State, 118 Tex. Cr. R. 351, 42 S. W. (2d) 616, wherein the doctrine in the Muckenfuss case, supra, was criticised and modified to some extent. We think the reasoning in the Warner case is correct wherein it is said:

"It is our opinion that the two expressions used in said article 62, supra, viz: 'The same offense' and 'of the same nature' evidence merely the purpose of the Legislature to provide the higher punishment for him who so far approaches the attitude of an habitual criminal, as to follow one conviction by doing that which in substance, nature, and effect is the same offense, and that, though there be some differences, still the substance of the offense, the body of the crime, its collective elements, must be so nearly similar or identical as to justify the higher punishment as for the same offense as that formerly committed. *As for instance, the subsequent taking from another of his property without his consent, in any of the ways forbidden by statute, might be deemed so similar or identical as to justify pleading and proof of a prior conviction for such taking in any of the ways made penal.*"

Again we quote from Sasser v. State, 98 S. W. (2d) 211, wherein we said:

"Appellant contends that the offense of burglary with intent to commit theft is not an offense of like nature as that of theft which would authorize the enhancement of his punishment. We cannot agree with him for the reason that in theft cases the primary object is to unlawfully obtain another's property

without his consent. * * * We are of the opinion that the two offenses charged are of like nature."

In this cause the gist of the two offenses mentioned in the indictment was the unlawful acquisition of the property of another without his consent. We think that burglary with intent to steal and an assault with intent to take personal property from another are offenses of a similar nature, the intent in each instance being the unlawful acquisition of another's personal property. This holding is in accord with the late case of Ellerd v. State, 138 Tex. Cr. R. 577, 137 S. W. (2d) 766, wherein we held that the making of a forged or false instrument in writing was of a similar nature to the possession of a forged instrument for the purpose of passing the same as true.

We also held in Bryant v. State, 55 S. W. (2d) 1037, that "Robbery and theft are of the same family; violence, or the threat of same, in order to obtain property, being about the only difference. Reese v. State, 91 Tex. Cr. R. 457, 239 S. W. 620."

We are of the opinion that the two offenses of burglary with intent to steal and robbery are of a similar nature. We think there was no error in allowing the pleading and proof of the prior offense and its use in the enhancement of the penalty for robbery in this cause.

Thus believing, this judgment is affirmed.