JUSTINO R. MELENDEZ V. STATE.

No. 29,754. May 14, 1958.
State's Motion for Rehearing Overruled
(Without Written Opinion) June 18, 1958.

*Roy Joe Stevens*, Amarillo, for appellant.

*Wayne Bagley*, District Attorney, *Jess C. Dickie, Carlton B. Dodson, Frank J. Baughman*, Assistants District Attorney, all of Amarillo, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for assault with intent to murder; the punishment, ten years.

The disposition hereof makes a summary of the facts unnecessary.

The offense is alleged to have occurred on or about December 3, 1956.

According to the state's evidence, appellant made and signed two voluntary written statements connecting him with the commission of the instant offense.

The first statement was made to Paul Gaither, Sheriff of Potter County, and signed by the appellant on December 4, 1956. The second statement was made to Gib K. Howard, district attorney at the time of the alleged commission of the offense, and signed by the appellant on December 18, 1956.

Following the testimony of the state's first witness, Dr. Overman, the state called Gib K. Howard who testified that after

proper warning the appellant made to him a voluntary written statement on December 18, 1956, concerning the instant offense which he signed. Before the written statement signed on December 18 was admitted in evidence, appellant timely requested the court to retire the jury and permit him to introduce evidence in its absence showing that said statement was not admissible was admitted in evidence over his objection that it was involuntarily made.

Deputy Sheriff Maggard, fourth witness called by the state, and the only person who signed appellant's written statement made on December 18 as a witness, testified on re-direct examination by the state on the main trial that appellant was placed in and kept in "solitary" in a cell in the jail "Because we started to put him in with the other boys in the tank, and they said if we did they would kill him." On re-cross examination he testified that the appellant knew the attitude of the prisoners toward him and had a right to be in fear of his life.

The next witness was J. M. Hill, the jailer, whose testimony corroborated that of Deputy Haggard except as to the making and signing of appellant's written statement.

Appellant testifying in his own behalf stated the he had been in solitary confinement for fifteen days when he signed the statement dated December 18, and then related facts and circumstances which supported his contention that the written statement of December 18 was involuntarily made.

1 Branch, 2d Ed., p. 93, Sec. 88, reads in part as follows:

"When an objection is raised to a confession by the defendant, the jury should be retired and the evidence heard in their absence, and it is error not to do so upon the request of the defendant. Bingham v. State, 97 Texas Cr. Rep. 594, 262 S.W. 747; Lewis v. State, 123 Texas Cr. Rep. 311, 58 S.W. 2d 827. The trial judge must first determine whether the confession is admissible. Vaughn v. State, 145 Texas Cr. Rep. 128, 166 S.W. 2d 139. Upon doing so, if an issue of fact is presented, such question or issue of fact should thereafter be submitted to the jury for their determination."

In the recent cases of Davis v. State, 165 Texas Cr. Rep. 456, 308 S.W. 2d 880, and Law v. State, 115 Texas Cr. Rep. 542, 309 S.W. 2d 443, the rule was re-stated by this court in its opinions

reversing the convictions because of the courts' action in refusing the request of the accused that he be permitted in the absence of the jury to introduce evidence showing the facts and circumstances surrounding the making of the written confession in order that the court might determine in the first instance whether the written confession offered in evidence was admissible. See also 18 Texas Juris., 188, Sec. 103; 2 McCormick and Ray on Evidence, 2d Ed., p. 100, Sec. 1222; Cavazos v. State, 151 Texas Cr. Rep. 402, 160 S.W. 2d 260; Brown v. U. S., 228 Fed. 2d 286.

Because of the court's refusal of the appellant's request to retire the jury and permit him to introduce evidence in its absence showing that the written statement of December 18 was not admissible in evidence, the judgment is reversed and the cause remanded.

Opinion approved by the Court.