## LEROY BROWN V. STATE

No. 33,383.  May 24, 1961

WOODLEY, Presiding Judge, not participating.

*Shaver, Hurley & Sowder*, by *Dan M. Hurley*, Lubbock, for appellant.

*George E. Gilkerson*, District Attorney, Lubbock, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for assault with intent to rape with a prior conviction for the same offense alleged for enhancement; the punishment, 99 years.

The assaulted party, an 18-year-old-girl, testified that, about 10:30 p.m. while she was alone in the front room of her small house, dressed in pajamas and lying on the bed watching television, she heard the window in the back room being raised and the kitchen table near the window being moved; that she went to the hallway and said, "Who is it?," then saw a Negro coming through the window, and ran—screaming—out the front door with the Negro in pursuit and across and down the street where he caught her and she fell on the sidewalk and "He picked me up by my throat * * * he had me by my throat and was just taking me back" into the house, closed the door, and said he did not want any lights on in the room and turned off the light and the television, threw her on her back on the bed and got on top of her. When he first got on top of her he told her he was a Negro and asked for her money, and, after she told him she did not have any money, he said he was going to rape and kill her. She further testified that he remained on top of her from 5 to 8 minutes, during which time he was holding her wrists and throat and was trying to kiss her. At this time a red light began flashing in the bed room window, he jumped up and said, "Is there a back door?", and, without saying anything, she ran—screaming—out the front door to the police car. In a short time, the officers apprehended a Negro man nearby and the assaulted party, while testifying, identified the appellant as her assailant and stated that she saw the appellant after the officers apprehended him near her house. The assaulted party further testified that when she fell on the sidewalk she injured her knees and her elbow which caused some bleeding; that then she could no longer scream because he was holding her throat with his hands; and that he was much stronger than she was and was able to hold her. While testifying, she identified a green colored cap as the one appellant was wearing in her house.

The evidence further shows that it was cloudy, had been raining, and was muddy around said house on the night in question; and that about 11 p.m., screams of a person were heard by persons near the house of the assaulted party; that the police were called and, when they arrived in a short time with red lights flashing from the emergency light on top of their car, the assaulted party ran—screaming—from her house to the police car and said, "There's a Negro in the house and he's trying to rape

me." In a short time a man was seen on the roof of a nearby building and, upon jumping from the building, he was apprehended and subdued by the officers after a severe struggle; and the appellant, whose pants were unzipped, was then identified by the assaulted party as the person who had entered her house and caught her after she ran and returned her to the house.

An examination of the house by the officers revealed that the screen on the back window was unlatched and hanging at an angle on one hook, the shade was up, and the window completely open. The bed was disarranged; there was mud across the foot of the bed and a green colored cap on the bed, spots of blood on the sheet and pillow. The officers followed tracks leading from the rear of the house a short distance.

Proof was offered of the prior conviction alleged and that the appellant was the same person so convicted.

The appellant did not testify or offer any evidence.

The evidence is sufficient to warrant the jury's findings that the appellant was guilty of the primary offense alleged and had been theretofore convicted of a felony offense less than capital as alleged.

It is contended that the court erred by including "fraud" in submitting the case in the charge to the jury over his objection that "it constitutes an improper charge in this case."

The objection did not distinctly specify any ground wherein the charge was improper as required by Art. 658, V.A.C.C.P., hence nothing is presented for review. Cedillo v. State, 165 Tex. Cr. R. 371, 307 S.W. 2d 267.

Appellant specifically objected to paragraph one of the court's charge which set out in substance the provisions of Art. 62, V.A.P.C., "because the same fails to state what the highest punishment is which is affixed to such conviction." He further objected to paragraph two of the charge which set out Art. 1162, V.A.P.C., because it "'fails to state what the maximum sentence under such conviction is."

The court in said paragraphs set out the abstract law as provided in said articles of the penal code. In view of the findings of the jury that the appellant was guilty of the primary of-

fense charged and that he had been theretofore convicted of the same offense which was committed before the primary offense, the above objections to the charge became immaterial as it was not then the duty of the jury to assess the punishment. Hence, no error is shown.

Appellant contends that the trial court erred in refusing his requested charge in which he sought to have the jury instructed that the mere desire or impulse on his part to satisfy his sexual cravings with the assaulted party under the evidence did not constitute the offense of assault with intent to rape.

The appellant did not testify and there is no testimony of a mere desire or impulse by him to satisfy his sexual cravings with the assaulted party. In the absence of any testimony authorizing the submission of the requested charge, there was no error in refusing it.

Appellant contends that the judgment assessing the punishment at 99 years confinement in the penitentiary and the sentence based thereon are void. He insists that the trial court had no authority to assess such punishment upon a conviction of assault with intent to rape with a prior conviction for the same offense alleged for enhancement because Art. 1162, supra, prescribes no maximum punishment.

Art. 1162, supra, prescribing the penalty for assault with intent to rape, authorizes confinement in the penitentiary for "any term of years not less than two."

Art. 62, supra, provides that if on the trial of a felony less than capital it is shown that the defendant has before been convicted of the same offense or one of the same nature, the punishment on the second or subsequent conviction shall be the highest affixed to the commission of such offense in ordinary cases. This statute creates no offense, but merely authorizes increased punishment to be affixed to subsequent convictions. Williams v. State, 109 Tex. Cr. R. 450, 5 S.W. 2d 514.

It was the duty of the trial judge to enter judgment and sentence appellant to the maximum number of years which a jury could assess in an ordinary assault with intent to rape case. If the trial judge has failed to perform such duty, this court has the duty to reform the judgment and sentence so as to provide the

punishment provided by the statutes. Only if we should hold that the legislature has provided no maximum punishment for the offense of assault with intent to rape would we be authorized to reverse.

A statute is not invalid because it affixes a minimum and not a maximum term of years as punishment. Myers v. State, 51 Tex. Cr. R. 463, 103 S.W. 859.

The records of this court reveal that, over a long period of years, cases have been appealed from the trial courts wherein the punishment for assault with intent to rape was assessed at a term of 99 years. The legislature has met and adjourned many times during this period without amending Art. 1162, supra. This warrants the conclusion that the trial court was authorized to assess the punishment in this case at 99 years confinement in the penitentiary.

While it may be that a term of years greater than 99 could be assessed by a jury in an ordinary assault with intent to rape case, a sentence of 99 years is in excess of the expected life span of any defendant, and any greater number of years assessed would be without significance.

The judgment is affirmed.

Opinion approved by the Court.