**Reggie C. MADELEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37001.**

Court of Criminal Appeals of Texas.

Jan. 6, 1965.

On Rehearing March 3, 1965.

Second Motion for Rehearing Denied April 7, 1965.

John W. O'Dowd, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough, and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

ON STATE'S MOTION FOR REHEARING

McDONALD, Presiding Judge.

Our prior opinions on original submission and on appellant's motion for rehearing are withdrawn, and this one substituted in lieu of them.

The conviction is for burglary of a private residence at night; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

It was shown by the state's evidence that the prosecuting witness, Jeanne Douglass, lived in apartment #63 of the Royal Windsor apartments at 5133 Richmond Avenue in the city of Houston. On the night in question the witness retired around midnight, at which time the door to her apartment was closed. Later in the night she awakened and saw a person, who appeared to be a man, leaving the apartment. She got up, locked the door, and proceeded to call the police. While using the telephone, two figures, who looked like a man and a girl, appeared at her door. The witness also observed her purse, which she had placed upon a chair when she retired, lying partially open on the floor. Nothing was missing from the purse. Around 2:30 a. m., Officers Smelley and Reed arrived upon the scene in response to a call. As they approached, the officers observed a car being driven away from the apartments onto Richmond Avenue, and stop. They then proceeded to the vehicle and found the appellant and a girl companion seated therein. The two were placed under arrest.

Following his arrest, appellant, after being duly warned, made and signed a written confession to Officer E. W. LaFont, which was introduced in evidence by the state. In his confession appellant stated, in part, as follows:

" 'On Wednesday, February 27, 1963, about 2:AM a friend was driving me down Richmond Ave., when I spotted some apartments, and I asked this friend to stop the car and I got out, and went up to these apartments, which are in the 5100 block of Richmond Ave. and started checking doors. At 5133 Richmond Ave. Apt. 63, I found the door unlocked, and went in this apt. through the sliding glass door, and found a purse on a small table next to the bed. I picked this purse up and started out the door when I heard some one drive up, and as I did not want to be caught with this purse in my possession I put the purse down next to the door and left the apt. and returned to the car and left.

" 'About 15 minutes later while we were sitting in the car I were arrested by uniform__ officers. We had parked the car at the other end of the block from this apt. * * *' "

In making proof of the two prior alleged convictions, the state offered in evidence certified copies from the records of the Texas Department of Corrections of a judgment and sentence in Cause No. 9114 in the Special 9th District Court of Montgomery County, wherein the defendant was convicted, on September 1, 1952, of the offense of "Forgery-Making &' Passing a False instrument in writing" and a judgment and sentence in Cause No. 79322 in the Criminal District Court of Harris County, wherein the defendant was convicted, on April 5, 1957, of the offense of robbery by assault.

Proof was made by the testimony of an expert witness, who compared appellant's known fingerprints with those appearing in the prison records, that appellant was the person so convicted in the two cases.

Appellant concedes that the evidence is sufficient to sustain the jury's verdict finding him guilty of the primary offense, but insists that his punishment as an habitual criminal cannot be sustained because the judgment of conviction in Montgomery County, in 1952, used to enhance his punishment, is void.

We agree with appellant that the Montgomery County sentence did not follow the judgment. The judgment ordered that "he be punished by confinement in the State penitentiary for a term of not less than three years". The sentence pronounced upon the judgment ordered that appellant be confined in the penitentiary "for a term of not less than Two nor more than Two years." It is apparent that the sentence did not follow the judgment and could not have been reformed because the judgment entered against appellant in Cause No. 9114 was neither definite nor certain as to punishment assessed and, there being no verdict, was void, under the many decisions of this court. Ex Parte Traxler, 147 Tex.Cr.R. 661, 184 S.W.2d 286; Ex Parte East, 154 Tex.Cr.R. 123, 225 S.W.2d 833; Ex Parte Rodriguez, 167 Tex.Cr.R. 305, 320 S.W.2d 346.

Under the record, appellant stands convicted and his punishment enhanced to life imprisonment by virtue of the prior judgment of conviction, which is void. However, the record shows nothing to impair the prior judgment of conviction in Cause No. 79322 in the Criminal District Court of Harris County. Since appellant was convicted of the primary offense of burglary of a private residence at night and the prior conviction in Harris County was for the offense of robbery by assault, a like offense, under Art. 62, V.A.P.C. Flores v. State, 145 Tex.Cr.R. 134, 166 S.W.2d 706; Farris v. State, 155 Tex.Cr.R. 261, 233 S.W.2d 856, appellant brings himself clearly under the terms of Art. 62 V.A.P.C. Fairris v. State, 171 Tex.Cr.R. 416, 350 S.W.

2d 935; concurring opinion by Judge Woodley in Gibbs v. State, 169 Tex.Cr.R. 608, 336 S.W.2d 625.

We have construed the maximum punishment for the offense of burglary of a private residence at night to be 99 years by our opinion in Joseph v. State, Tex.Cr. App., 367 S.W.2d 330, and we have also made a similar holding in determining the maximum punishment for the offense of assault to rape with a prior conviction, in Brown v. State, 171 Tex.Cr.R. 167, 346 S.W.2d 842.

The applicable punishment for the primary offense being 99 years, which has been determined by this Court to be the maximum under Art. 62, V.A.P.C., the judgment is reformed from life imprisonment to a term of 99 years confinement in the state penitentiary. Dozier v. State, 167 Tex.Cr.R. 84, 318 S.W.2d 80.

As reformed, the judgment is affirmed.

WOODLEY, Judge (dissenting).

The effect of the majority holding is that there is no difference between a life sentence and a sentence of 99 years, yet they reform the life sentence pronounced against the appellant so as to provide for his incarceration for a definite term of 99 years, and hold that to be the maximum punishment under the statute which fixes the punishment for burglary of a private residence at confinement in the penitentiary "for any term not less than 5 years."

Life imprisonment is a punishment authorized for robbery, but not for robbery when a firearm or other deadly weapon is used. Art. 1408 P.C. It is also a punishment which is authorized for murder, rape, treason, destroying an unborn child, and for a third conviction for sale of narcotics.

Other statutes authorize confinement in the penitentiary for an unlimited term but do not provide for life imprisonment. These include Art. 1190· P.C., attempt to

rape; Art. 1162 P.C., assault with intent to rape; and Art. 1391 P.C., burglary of a private residence at night (the primary offense here involved).

All of the above statutes are in effect rewritten by the majority opinion which follows the previous erroneous holdings that 99 years is the maximum term of years which may be assessed for burglary of a private residence at night (Joseph v. State, Tex.Cr.App., 367 S.W.2d 330) or assault with intent to rape (Brown v. State, 171 Tex.Cr.R. 167, 346 S.W.2d 842.)

Sentences for maximum terms of more than 99 years have been affirmed by this Court.

I would overrule the state's motion for rehearing and, in doing so, would overrule the Brown and Joseph cases.

## ON APPELLANT'S SECOND MOTION FOR RE-HEARING

MORRISON, Judge.

The offense is burglary with two prior felony convictions alleged for enhancement; the punishment, life.

Our attention has now been addressed to an error not heretofore discussed which we conclude is determinative of this appeal. When appellant's confession was offered in evidence, at counsel's request the jury was retired to allow the court to hear evidence on the question of the voluntariness thereof. Officer La Font was heard by the court on the question. He testified that two other officers, whom he named, had delivered appellant to him prior to the making of the confession and had asked him to take appellant's confession. He further stated that a clerk, whom he named, was with him and participated in the taking of the confession. Appellant's counsel asked that the three witnesses whom Officer La Font had mentioned be called so that he might examine them, but the court refused

to hear anyone but Officer La Font. In this he fell into error. In Melendez v. State, 166 Tex.Cr.R. 391, 314 S.W.2d 104, we said:

"In the recent cases of Davis v. State [165 Tex.Cr.R. 456] 308 S.W.2d 880, and Law v. State [165 Tex.Cr.R. 542] 309 S.W.2d 443, the rule was re-stated by this court in its opinions reversing the convictions because of the courts' action in refusing the request of the accused that he be permitted in the absence of the jury to introduce evidence showing the facts and circumstances surrounding the making of the written confession in order that the court might determine in the first instance whether the written confession offered in evidence was admissible. See also 18 Tex. Juris., 188, Sec. 103; 2 McCormick and Ray on Evidence, 2d Ed., p. 100, Sec. 1222; Cavazos v. State, 143 Tex.Cr.R. 564, 160 S.W.2d 260; Brown v. U. S., 5 Cir., 228 F.2d 286."

Appellant's second motion for rehearing is granted; the judgment of affirmance is set aside; and the judgment is reversed and the cause is remanded.

WOODLEY, Judge (concurring opinion on Appellant's Second Motion for Rehearing).

The contention of the appellant now sustained by the majority was advanced in connection with the claim that the trial court erred in failing to affirmatively adjudicate the issue of the voluntary nature of appellant's confession prior to its introduction in evidence before the jury.

There is no merit in either claim of error.

As I understand the record, appellant was seeking to have witnesses summoned that he might interrogate them before the court in the jury's absence and *learn from them whether or not* they could furnish any fact showing or tending to show that the statement was not voluntarily made in accordance with the statute.

The majority confuse interrogation for the purpose of developing evidence at the trial and interrogation in an effort to discover evidence. No evidence contrary to the witnesses' testimony that it was voluntarily made was introduced and neither appellant nor his counsel had any such evidence to offer.

I concur in the reversal of this conviction for the reason pointed out in my dissent to the granting of the State's motion for rehearing.

Appellant's second motion for rehearing directs attention to the portion of the opinion in Brown v. State, 171 Tex.Cr.R. 167, 346 S.W.2d 842, wherein this Court said:

"Only if we should hold that the Legislature has provided no maximum punishment for the offense of assault with intent to rape would we be authorized to reverse."

I would also direct attention to the following quotation from the opinion in Brown v. State:

"While it may be that a term of years greater than 99 could be assessed by a jury in an ordinary assault with intent to rape case, a sentence of 99 years is in excess of the expected life span of any defendant, and any greater number of years assessed would be without significance."

Appellant's second motion for rehearing should be granted and the judgment of conviction reversed because no definite punishment is fixed by law and the jury assessed none for the offense charged.