**Nolan Joseph HAINES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37170.**

Court of Criminal Appeals of Texas.

April 7, 1965.

Rehearing Denied May 19, 1965.

Second Motion for Rehearing Denied June 16, 1965.

S. F. Mafrige, Bill Hilford, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Allen Stilley, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for burglary with three prior convictions for non-capital offenses alleged for enhancement; the punishment, life imprisonment.

Officer Lewis testified that at approximately 7 P.M., in response to a call resulting from a flash on a burglar alarm system, he took his "canine partner," a German Shepherd dog, to the indicated furniture store, which they entered after an employee of the alarm system arrived and unlocked a door to the building; that after the dog—trained to use his sense of hearing and seeing—jumped in that direction, Officer Lewis saw a man in the cashier's booth. He further testified that after the appellant had been apprehended in the building, the appellant told him he had taken several transistor radios and electric mixers from the shelves and piled them on a bedspread on the floor; that the appellant next showed him how he had entered the building, pointing to the transom window, about ten feet high, through which he had entered and then dropped to the floor.

The manager of the furniture store testified that the store was closed at the time the alarm flashed, and that he did not give anyone his consent to break and enter the store and take any property.

Jimmy B. Northrup, agent for the burglary alarm system, testified that he met Officer Lewis at the furniture store; that after entering the building he saw the appellant, who said he had been taking the merchandise and piling it upon the floor.

Proof was offered, in the instant case, of the prior convictions as alleged and the

identity of the appellant as the same person who was convicted in each case. See Broussard v. State, Tex.Cr.App., 363 S.W.2d 143. Moreover, no objections were made to the introduction in evidence of the authenticated copies of the alleged prior convictions.

The appellant did not testify, but recalled Officer Lewis, who testified that he did not examine the transom window or the merchandise on the floor of the store for fingerprints but that fingerprints were a positive manner of identification.

The court charged the jury upon the law as applicable to circumstantial evidence.

■ Appellant contends that the trial court erred in permitting the state to read the enhancement allegations and make proof thereof before the jury on the ground that such procedure deprived him of due process and was unconstitutional. This contention was rejected in Crocker v. State, Tex.Cr.App., 385 S.W.2d 392. In the absence of a stipulation resolving the issues of the prior convictions, proof of them as alleged in the indictment was proper. Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864; Ex Parte Reyes, Tex.Cr.App., 383 S.W.2d 804.

■ The evidence is sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

■ It is well settled that Art. 63, P.C. is reformatory in nature and to invoke its provisions it is necessary that each succeeding conviction be subsequent to previous convictions both in time of commission of the offense and the conviction therefor. The indictment must so allege and

the averments of the indictment must be supported by proof. 1 Branch's Ann.P.C. 2d, Sec. 698; Arbuckle v. State, 132 Tex. Cr.R. 41, 105 S.W.2d 219; Armendariz v. State, 163 Tex.Cr.R. 515, 294 S.W.2d 98; Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697; Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383; Cortez v. State, Tex.Cr.App., 314 S.W.2d 589; Hobbs v. State, 171 Tex.Cr.R. 607, 352 S.W.2d 836; Cowan v. State, Tex.Cr.App., 355 S.W.2d 521.

■ A re-examination of the statement of facts fails to disclose any evidence to sustain the allegation of the indictment that the offense for which appellant was convicted in Cause No. 75895 was committed after the judgment of conviction in Cause No. 65729, on January 25, 1952, or the judgment of conviction in Cause No. 62191 on December 19, 1949, became final.

Also no evidence is found to support the allegation of the indictment that the conviction in Cause No. 65729 on January 25, 1952, was for an offense committed after the conviction in Cause No. 62191 became final.

There is however ample evidence that appellant had been convicted of burglary in both such cases prior to the commission of the burglary charged in the indictment.

It follows that the indictment, evidence and findings of the jury are sufficient to invoke the provisions of Art. 62, P.C. which provide the maximum punishment for burglary in ordinary cases as the definite punishment for a second conviction for a non-capital felony of the same nature. Fairris v. State, 171 Tex.Cr.R. 416, 350 S.W.2d 935, 937, overruling Granado v. State, 168 Tex.Cr.R. 525, 329 S.W.2d 864; Gibbs v. State, concurring opinion, 169 Tex.Cr.R. 608, 336 S.W.2d 625; Madeley v. State, Tex.Cr.App., 388 S.W.2d 187.

The judgment and sentence are reformed to provide for appellant's confinement in

 

the Texas Department of Corrections for a term of 12 years.

As reformed, the judgment is affirmed and appellant's motion for rehearing on other grounds is overruled.

MORRISON, Judge.

I concur in the overruling of appellant's motion for rehearing and in the reformation of the judgment and sentence.