**Bethel Raymond FAIRRIS, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 71–1743
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 17, 1971.

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Bethel R. Fairris, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Dunklin Sullivan, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Bethel Raymond Fairris, a Texas state prisoner, has taken this appeal from the denial of his petition for habeas corpus by the District Court. The case is well stated in the final order of the court below, which is appended hereto. We affirm on the reasons stated and authorities cited in the order appealed from. See, also, Langford v. Alabama, 5 Cir., 1969, 422 F.2d 760, cert. denied 1970, 400 U.S. 851, 91 S.Ct. 69, 27 L.Ed.2d 88; McGriff v. Wainwright, 5 Cir., 1970, 431 F.2d 897.

Affirmed.

APPENDIX
In the
United States District Court for the Southern District of Texas Houston Division

Bethel R. Fairris,
Petitioner,
versus       Civil Action
No. 69–H–409

Dr. George J. Beto, Director, Texas Department of Corrections,
Respondent.

Bethel R. Fairris, pro se.

Crawford C. Martin, Attorney General of Texas, Robert C. Flowers, Dunklin Sullivan, Asst. Attorneys General, Austin, Texas, for Respondent.

**1292**

## MEMORANDUM AND ORDER

Petitioner, presently incarcerated by the Texas Department of Corrections, has filed an application for writ of habeas corpus.

Petitioner was convicted of the offense of robbery by assault. A prior conviction was used for enhancement purposes and, as a result, he was sentenced to confinement for life in the state penitentiary pursuant to article 62, Texas Penal Code Ann. An appeal was taken from the judgment of the trial court, but the Texas Court of Criminal Appeals affirmed the conviction. Fairris v. State, 171 Tex.Cr.R. 416, 350 S.W.2d 935 (1961). Subsequent applications for the writ of habeas corpus to the convicting court and the Court of Criminal Appeals were denied. This Court has jurisdiction pursuant to 28 U.S.C. §§ 2241, 2254; the state so concedes.

Three contentions are presented to this Court for determination. Petitioner asserts a deprivation of due process of law owing to the fact that:

(1) The prosecutor read to the jury Petitioner's prior conviction notwithstanding a stipulation to the contrary had been agreed upon;

(2) Assistance of counsel was not provided at the sentencing of the prior conviction; and

(3) Assistance of counsel was not provided on appeal of the prior conviction.

■ Petitioner's first contention is frivolous. The Texas procedure, which permits prior convictions to be presented to the jury when an accused is on trial as a habitual criminal, was held not to be violative of due process of law in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). As a result, even if the prosecutor did violate such a stipulation it would not substantiate a claim of deprivation of due process of law.

■ Petitioner's second claim lacks merit and is, therefore, denied. In the prior conviction, Petitioner had the assistance of retained counsel of his own choice. By a jury verdict he was found to be guilty and his punishment was assessed at 10 years confinement. No challenge as to the validity of this conviction has been made. As a result, this Court feels that since the actual sentencing was a mere ministerial ceremony it need not consider the issue of whether or not counsel is required at sentencing. The habitual criminal statute, article 62 of the Texas Penal Code Ann., requires a valid prior conviction to be entered for its enhanced penalty requirements to apply. This requirement has been satisfied. However, assuming arguendo, that this Court needs to consider said issue, there still would be no prejudicial effect on Petitioner. In this specific factual setting counsel is not required by due process of law standards. The sentencing was of a purely mechanical nature, carrying out the mandates of the jury. See Vitoratos v. Maxwell, 351 F.2d 217 (6th Cir. 1965), appeal dismissed, 383 U.S. 105, 86 S.Ct. 718, 15 L.Ed.2d 618 (1966); Williams v. Beto, 354 F.2d 698 (5th Cir. 1965). Petitioner has not shown how he was prejudiced by the lack of counsel, nor could he from the facts set out herein. The decision of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), is not controlling here. See Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

■ The third contention asserted by Petitioner also lacks merit. It is an established rule in the Fifth Circuit

> that there are two prerequisites in showing denial of counsel for the purposes of an appeal. First, it must be known to the court that the criminal defendant is indigent. Second, it must be known to the court that the defendant wishes to appeal.

Beto v. Martin, 396 F.2d 432, 434 (5th Cir. 1968). See Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967).

It is apparent from the records of this cause that Petitioner gave notice of ap-

peal in open court. However, it is equally apparent that Petitioner neither informed the Court that he was an indigent nor filed a Pauper's Oath as Texas procedure requires. By the most favorable view of the facts, he did not, at any time, indicate to the trial judge or to any other responsible state official that he was indigent. As a result, the state was never aware that he did not have funds to employ counsel. Therefore, Petitioner has not shown a deprivation of his Fourteenth Amendment rights by state action. *See* Pate v. Holman, 341 F.2d 764, 775; modified on other grounds, 343 F.2d 546 (5th Cir. 1965); Chapman v. Texas, 242 F.Supp. 378 (S.D.Tex. 1965).

Accordingly, the petition is denied. The Clerk will file this Memorandum and Order and send a copy of it to the Petitioner and Respondent's counsel.

Done at Houston, Texas, this 12th day of January, 1971.

CARL O. BUE, JR.
United States District Judge