Francisco AGUILAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 44935.

Court of Criminal Appeals of Texas.

April 26, 1972.

Filemon B. Vela, Brownsville, for appellant.

F. T. Graham, Dist. Atty., and Murray Menton, Jr., Asst. Dist. Atty., Brownsville, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for burglary. The punishment, enhanced under the provisions of Article 62, Vernon's Ann. P.C., twelve years.

Counsel for appellant filed an appellate brief in the trial court in which counsel points out that he has made a thorough, conscientious and diligent review of the record and concluded that this appeal is frivolous and without merit. Counsel has, nevertheless, set forth contentions that might arguably support the appeal and furnished a copy of the brief to the indigent appellant to allow him to raise any grounds of error he might choose. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Gainous v. State, Tex.Cr. App., 436 S.W.2d 137.

Appellant's contention that fingerprints taken in 1963, at a time when he was not warned of his constitutional rights, could not be used for comparison with fingerprints taken at the scene of the burglary is without merit. Submitting to fingerprinting is not a testimonial activity within the scope of the privilege against self-incrimination. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; see also Ivey v. State, Tex.Cr.App., 425 S.W.2d 631; Platt v. State, Tex.Cr. App., 402 S.W.2d 898; Dennison v. State, Tex.Cr.App., 399 S.W.2d 365.

Gonzales v. State, Tex.Cr.App., 399 S.W.2d 360, held that defendant's fingerprints within the burglarized premises are sufficient to sustain a conviction for burglary where the breaking and theft are also clearly shown. In the instant case, the burglary and theft of the television set having been established, appellant's fingerprints having been found on the bedroom window entered and a witness having identified appellant as the person who sold her the stolen television are facts clearly sufficient to support the conviction.

The contention that the indictment is fatally defective in that it failed to allege that the enhancement conviction was one of the same nature was decided adversely to appellant in Fairris v. State, 171 Tex. Cr.R. 416, 350 S.W.2d 935, expressly overruling Granado v. State, 168 Tex.Cr.R. 525, 329 S.W.2d 864, relied on by appellant.

After a thorough examination of the entire record before us, we find ourselves in agreement with counsel's conclusion that the appeal is frivolous.

The judgment is affirmed.

Opinion approved by the Court.